UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIANA M. OCHOA, as Independent Administrator of the Estate of VICTOR LOBATO OCHOA, deceased, <br><br> Plaintiff, <br><br> v. <br><br> MATERIAL SERVICE CORPORATION d/b/a HANSON MATERIAL SERVICE CORPORATION; LEHIGH HANSON SERVICES LLC; LEHIGH HANSON INC.; CAPTAIN KENNETH L. STUBBS; and CELIO SAN GABRIEL, <br><br> Defendants. | No. 21 C 3936 <br><br> Judge Sara L. Ellis |
| IN THE MATTER OF THE COMPLAINT OF HANSON AGGREGATES MIDWEST, INC. F/K/A MATERIAL SERVICE CORPORATION D/B/A HANSON MATERIAL SERVICE CORPORATION FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | No. 21 C 4295 <br><br> Judge Sara L. Ellis |

**OPINION AND ORDER**

On July 22, 2020, a motorboat operated by Celio San Gabriel that carried nine individuals capsized on the Chicago River. Victor Lobato Ochoa, one of the motorboat's passengers, drowned. On July 1, 2021, his mother and the administrator of his estate, Mariana Ochoa, filed a lawsuit against Defendants Material Service Corporation d/b/a Hanson Material Service Corporation ("Hanson"), Lehigh Hanson Services LLC ("Lehigh LLC"), Heidelberg Cement Group ("Heidelberg"), and Kenneth L. Stubbs in state court. Mariana claimed that a towboat and barge that Stubbs operated as an employee of Hanson, Lehigh LLC, and Heidelberg caused the motorboat to capsize. Hanson, Lehigh LLC, Heidelberg, and Stubbs removed Mariana's

wrongful death case, No. 21 C 3936, to this Court pursuant to admiralty and diversity jurisdiction, 28 U.S.C. §§ 1332(a), 1333(1), on July 24, 2021. Mariana filed a second amended complaint on August 31, 2021, naming Hanson, Lehigh LLC, Lehigh Hanson, Inc. ("Lehigh Inc."), and Stubbs (collectively, the "Hanson Defendants"), as well as San Gabriel as defendants. Mariana also filed a motion to remand the case to state court on August 23, 2021, which she supplemented with an amended motion on September 3, 2021, after she filed her second amended complaint.

Meanwhile, Hanson filed a limitation of liability case, No. 20 C 4295, seeking exoneration from or limitation of its liability for any loss, injury, or damage resulting from the July 22, 2020 incident pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure and the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501 *et seq.*[1] On September 8, 2021, the court entered an order requiring all persons having claims arising out of the July 22, 2020 incident to file claims with the Clerk of Court by November 1, 2021. The court also stayed all proceedings arising out of or connected with the July 22, 2020 incident, a stay that reached the wrongful death case. Mariana filed an answer on October 29, 2021, but no other individual filed a claim as ordered by the court. The court then entered default against all persons except Mariana and allowed Mariana to file a belated claim, which she did on December 20, 2021. Mariana also filed a motion to lift the stay so that she can pursue her wrongful death case in state court.

The Court now addresses the two interrelated motions pending in these cases: Mariana's motion to lift the stay in the limitation of liability case [No. 21 C 4295, Doc. 17] and Mariana's motions to remand the wrongful death case to state court [No. 21 C 3936, Docs. 13, 17]. The

---

[1] Although not initially assigned to this Court, the limitation of liability case, No. 21 C 4295, was reassigned to this Court as related to the underlying wrongful death case, No. 21 C 3936, on January 14, 2022.

Court finds it appropriate to lift the stay in the limitation of liability case to allow Mariana to proceed with her wrongful death case because she is the only individual asserting a claim involving the July 22, 2020 incident. And having lifted the stay, the Court must remand the wrongful death case to state court because Mariana originally filed suit in state court pursuant to the saving to suitors exception to federal courts' exclusive admiralty jurisdiction and the addition of San Gabriel as a defendant means that diversity jurisdiction no longer supplies the required additional jurisdictional basis to support the case's removal to federal court.

I.      **Motion to Lift the Stay in the Limitation of Liability Case, No. 21 C 4295**

The Limitation Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); *see* 46 U.S.C. § 30505(b). The Limitation Act requires that "all claims and proceedings against the owner related to the matter in question shall cease" while a court considers the owner's liability under the Act. 46 U.S.C. § 30511(c). But this stay requirement "must be interpreted in conjunction with the 'savings to suitors' clause in 28 U.S.C. § 1333(1), which reserves to suitors in admiralty or maritime cases their common-law remedies," including "the right to select a forum and the right to demand a jury trial." *Am. River Transp. Co. v. Ryan*, 579 F.3d 820, 825 (7th Cir. 2009). Reading the provisions together gives a court discretion to lift the stay and allow a claimant to proceed on their underlying claim against the owner in state court, while the petition for limitation of liability remains pending in federal court. *See Lewis*, 531 U.S. at 449. Courts exercise this discretion "when there is only one claimant, or when the total demanded by multiple claimants does not exceed the value set by the Limitation Act." *Roen Salvage Co. v. Sarter*, 17 F.4th 761, 763 (7th Cir. 2021).

Here, Mariana argues that the Court should exercise its discretion under the single claimant exception to lift the stay and allow the wrongful death case against Hanson to proceed in state court. *See id.* (where only a single claimant seeks a recovery, the federal court "can set a maximum level of liability based on the criteria in § 30505(a), which will fully protect [the owner's] federal statutory rights" and then "permit the substantive claim to proceed in state court"). Hanson responds that the absence of any claims aside from Mariana's does not sufficiently establish the applicability of the single claimant exception, meaning that any decision to lift the stay is premature.[2] But the court already entered default against any additional potential claimants, *see* No. 21 C 4295, Doc. 21, and no indication exists that any of the additional potential claimants would seek to set aside the default and assert a late claim.[3] Thus, the Court does not find Mariana's motion to lift the stay premature and instead concludes that the single claimant exception applies.

Next, Hanson argues that the Court should reject Mariana's request to lift the stay because she does not have a pending state court lawsuit, meaning no conflict exists between the Limitation Act and the saving to suitors clause, and this Court can provide her with a jury trial if warranted. But Mariana contests the removal of the wrongful death case from state to federal court, with resolution of her motion to remand in that case stayed in light of the limitation of liability case. To resolve the propriety of the removal of the wrongful death case, the Court must lift the stay imposed by § 30511(c). Therefore, regardless of whether this Court could fashion a

---

[2] Hanson also argued that Mariana lacks statutory standing to modify the stay because she had not filed a proper claim in the limitation of liabilities case. But since making that argument, the court allowed Mariana to file such a claim, mooting Hanson's standing argument.

[3] Hanson speculates that San Gabriel may seek to assert his own claims against Hanson given Hanson's pursuit of a third-party claim against him in the limitation of liability case. But Hanson has since filed a motion for entry of default against San Gabriel due to his failure to respond to the third-party complaint, undermining Hanson's argument that San Gabriel may appear and do so.

4

proceeding that would simultaneously protect Mariana's right to a jury trial for her wrongful death claims and resolve the questions raised by the limitation of liability case, the Court finds it appropriate to lift the stay to determine whether Marian's wrongful death case should proceed in state or federal court. *See Lewis*, 531 U.S. at 455 (saving to suitors clause preserves a claimant's right to select a forum).

As Mariana acknowledges, however, lifting the stay on the wrongful death case does not come without limitations, as the Court must ensure that Hanson's "right to seek limitation will be protected." *Id.* at 454. To that end, Mariana offers to stipulate to the following: (1) this Court has exclusive jurisdiction to decide all limitation of liability issues, including the value of the limitations fund; (2) Hanson has the right to litigate all issues related to limitation of liability, as opposed to exoneration, in the limitation proceeding; (3) Mariana stipulates to the value of the limitations fund determined by the Court as long as she has an opportunity to obtain an independent appraisal or related valuation; (4) she will not enforce or collect any judgment in excess of the limitations fund unless and until the Court adjudicates the limitation of liability case; and (5) she waives any claims of *res judicata* on issues of limited liability, as opposed to exoneration, based on any judgment she obtains in other proceedings related to the July 22, 2020 incident. *See* No. 21 C 4295, Doc. 17-1; *In re Ill. Marine Towing*, 498 F.3d 645, 653 (7th Cir. 2007) (approving similar stipulations as adequately protecting the owner's interests under the Limitation Act while allowing the claimants to pursue their claims in state court); *cf. Roen*, 17 F.4th at 763–64 (noting that stipulations to protect an owner's liability are not necessary as long as the court makes clear "any provisos that are essential to safeguard the federal right under § 30505(a)"). Hanson has not raised any issues with Mariana's stipulations or argued that they do not adequately protect its interests. In light of Mariana's concessions, which the Court

5

adopts, the Court lifts the stay to allow Mariana to pursue the wrongful death case against Hanson and others while the limitation of liability case remains pending.

## II. Motion to Remand the Wrongful Death Case, No. 21 C 4295, to State Court

The Court thus turns to Mariana's motion to remand the wrongful death case to state court. 28 U.S.C. § 1333(1) provides a federal court with exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." As discussed above, the saving to suitors clause serves "as a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts." *Lewis*, 531 U.S. at 444. In other words, in *in personam* cases like Mariana's wrongful death case, state and federal courts have concurrent jurisdiction over admiralty claims. *Madruga v. Superior Ct.*, 346 U.S. 556, 560–61 (1954) ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. . . . But the jurisdictional act does leave state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." (citations omitted)). And under the saving to suitors clause, a defendant may only remove a suit to federal court based on admiralty jurisdiction if an additional basis for federal jurisdiction exists. *Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 819 (N.D. Ill. Mar. 22, 2021); *Brown v. Porter*, 149 F. Supp. 3d 963, 969 (N.D. Ill. 2016).

The Hanson Defendants removed the wrongful death case to federal court on the basis of both admiralty and diversity jurisdiction. But Mariana maintains that they have not properly alleged Hanson's and Lehigh LLC's citizenships and that the addition of San Gabriel as a defendant defeats diversity jurisdiction and requires the Court to remand the wrongful death case

6

to state court. Initially, the Court finds that the Hanson Defendants have sufficiently established that Hanson and Lehigh LLC are not Illinois citizens, making these allegations in the notice of removal and supplementing them by affidavit in response to Mariana's motion to remand. *See* Doc. 1 ¶¶ 26–27 (Hanson is a Kentucky corporation with its principal place of business in Texas, while Lehigh LLC's sole member is Lehigh Inc., a Delaware corporation with its principal place of business in Texas); Doc. 20-1 (same). Thus, this argument of Mariana's has no merit.

As for the addition of San Gabriel, an Illinois citizen, the Hanson Defendants argue that the Court should not take his citizenship into account because his addition as a defendant after the time of removal does not affect the Court's subject matter jurisdiction. The Hanson Defendants first contend that the Court cannot consider the argument because Mariana raised it over thirty days after the removal of the case and it does not go to the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). But because the saving to suitors clause's bar on removal of a case filed in state court based solely on admiralty jurisdiction goes to the Court's subject matter jurisdiction, the Court must address whether San Gabriel's addition as a defendant requires remand of the wrongful death case to state court. *See Brown*, 149 F. Supp. 3d at 969 (although admiralty jurisdiction does not on its own provide a basis for federal jurisdiction in an *in personam* case where a claimant files in state court, "a defendant may remove an admiralty case if there is an independent basis for federal subject matter jurisdiction—*i.e.*, a basis other than admiralty, such as complete diversity of citizenship with the requisite amount in controversy under 28 U.S.C. § 1332(a).").

7

As for the substance of the argument, the Hanson Defendants maintain that the Court should only consider whether diversity jurisdiction existed at the time of removal and not take into account any post-removal changes. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."). But § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 999–1000 (N.D. Ill. 2003) (Section 1447(e) displaces the general rule that diversity jurisdiction is determined at the time a case is filed with respect to the post-removal joinder of non-diverse defendants). This is exactly the situation here: after removal of the case to federal court, Mariana filed a second amended complaint that named San Gabriel, a non-diverse party, as an additional defendant. Although the Hanson Defendants argue in a conclusory fashion that Mariana fraudulently joined San Gabriel in an attempt to manipulate jurisdiction, the Court cannot conclude that Mariana has no chance of succeeding on her claim against him, particularly in light of the Hanson Defendants' own contentions that San Gabriel bears responsibility for the capsizing of the motorboat and Victor's death. *See Poulos v. Naas*, 959 F.2d 69, 73 (7th Cir. 1992) (to find fraudulent joinder, a court must conclude that "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the [non-diverse] defendant"). Therefore, San Gabriel's addition as a defendant destroys diversity jurisdiction and requires the Court to remand the wrongful death case to state court. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) ("[T]he district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction."); *Johnlewis v. Apache*

*Indus. Servs., Inc.*, No. 21-504, 2021 WL 6112558, at *3–4 (E.D. La. Dec. 27, 2021) ("The Court lacks jurisdiction because Plaintiff originally filed his claim in state court pursuant to the Savings to Suitors Clause. Although the case was removed based on diversity jurisdiction, diversity has been destroyed by the addition of a non-diverse defendant. And, because Plaintiff originally filed suit pursuant to the Savings to Suitors Clause 'exception' to original jurisdiction, this Court cannot exercise jurisdiction based on § 1333.").

## CONCLUSION

For the foregoing reasons, the Court grants Mariana's motion to lift the stay in the limitation of liability case [No. 21 C 4295, Doc. 17] and lifts the stay as to Mariana's wrongful death claims against Hanson, subject to the conditions outlined in the stipulation Mariana filed in connection with her motion to lift the stay [No. 21 C 4295, Doc. 17-1]. In the wrongful death case, the Court grants Mariana's amended motion to remand [No. 21 C 3936, Doc. 17] and denies Mariana's initial motion to remand [No. 21 C 3936, Doc. 13] as moot. The Court remands Mariana's wrongful death case, No. 21 C 3936, to the Circuit Court of Cook County, Illinois.

Dated: March 9, 2022

                                                                                                    _____
                                                                                                    SARA L. ELLIS
                                                                                                    United States District Judge